

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~XXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable J. A. Mooney
County Attorney, Tyler County
Woodville, Texas

Dear Sir:

Opinion No. O-6973
Re: Where bonds were issued
for the purpose of con-
struction, maintenance,
etc. of certain desig-
nated state highways,
which have since been
abandoned by the State
and have become county
roads, may the money
now be used for the
maintenance of said
roads? If not, for
what purpose may it
be used?

We acknowledge receipt of your opinion re-
quest of November 29, 1945, and quote from your letter
as follows:

"I enclose herewith a statement of facts
and question addressed to you and handed me
by Geo. R. Boyd, County Judge of Tyler County,
together with my opinion in answer thereto.

"I would like to have your opinion on
this matter."

County Judge Geo. R. Boyd's letter of October
10, 1945, reads as follows:

"On June 14, 1930 an election was held
that resulted in the issuance of $300,000.00
in bonds for the purpose of the construction,
maintenance and operation of macadamized,
graveled or paved roads and turnpikes, or
in aid thereof, on the portions of Highways
numbered forty-five (45), forty (40), and

one hundred and six (106) which lie in said road district No. 2 of Tyler County, Texas.

"The bonds were sold and the proceeds placed on deposit with the Security Trust Company Austin, Texas, by an agreement with the State Highway Department. The deposit was secured with other bonds. The result was that Tyler County Road Bond District No. 2 lost practically all of the proceeds of the $300,000.00 bonds sold due to having as security bonds of other counties or cities that were practically worthless.

"In the meantime the State Highway Department built each of the above mentioned Highways in Bond District No. 2 in Tyler County, except about 12 miles of Highway No. 45 which has not been built to date, although the R O W has been purchased for this unbilt portion.

"Out of the salvage of the securities, several thousand dollars was recovered which is on deposit with the County Depository. The County Treasurer carries it as a Road & Material Fund.

"At the time of the Bond Election the above mentioned Highways had been designated and were being maintained by the State Highway Department. When the State Highway Department constructed them they were relocated and in some instances several miles from the original locations. Since the new ones were built the State Highway Department has ceased to maintain the original roads, thereby releasing them to the county.

"Will you please advise whether or not this funds now on deposit with the County Depository can be used for maintaining the original highways that were being used at the time of the bond election. If not, for what purpose can the funds be legally used?"

Your letter of November 22, 1945, reads, in part, as follows:

"* * * In 1930, the roads designated in paragraph 1 of your letter were state highways and the purpose of the bond issue was the building and improving of them as such.

"Not less than two years ago and some thirteen years after the bond issue was voted, these highways were re-designated and built completely by the State along new routes. On their acceptance from the contractors, the old highways were released to the county, this also occuring more than two years ago and some thirteen years after the bond issue was voted.

"In some instances, the old routes of these highways are completely abandoned; in the instance of Highway 45, the ferry which connected with its continuance in Jasper County Easterly has been abandoned, and it is wholly in every sense now a county road.

"Any of this money that might be spent upon the roads covered in your question would at this time be spent on more county roads and not upon 'PORTIONS OF HIGHWAYS NO. 45, 40 and 106' as set out of paragraph one of your letter.

"Under these facts and circumstances, I am of the opinion that the first part of your question should be answered 'NO.'

"As to the use which can be made of this money, I am of the opinion that a retirement of the obligation would be the only use to which it can be put."

We gather from the facts stated in the above quoted letters that the proceeds of the bonds voted on June 14, 1930, were ear-marked to be used on the portions of Highways Nos. 45, 40 and 106, which lie in said Road District No. 2 of Tyler County, Texas.

Based on the facts and circumstances stated in your letter, we agree with you that the first part of your question should be answered in the negative.

Honorable J. A. Mooney, page 4 (0-6973)


It has repeatedly been held by the Appellate Courts of this State that when a county commissioners' court enters a pre-election order designating the road and specifically declaring the purpose for which the bond money is to be expended, said commissioners' court, or subsequent commissioners' courts cannot change the designation of such road or expend the money for any other purpose than that specifically designated in the pre-election order. Black v. Strength, 246 S. W. 79, Fletcher v. Ely, 53 S. W. (2d) 817, error refused, Moore v. Kaufman, 200 S. W. 374. Any other rule would tend to undermine public confidence in the acts of public officers. See also Golden Gate Bridge and Highway District v. Filmer, 21 Pac. (2d) 112, Perry v. Los Angeles, 203 Pac. 992.

As to the use which can be made of this money, we also agree with you that a retirement of the obligations would be the only use to which it can be put. We believe that said money should be placed in the sinking fund for the retirement of the outstanding bonds.

APPROVED DEC 12, 1945

/s/ Grover Sellers

ATTORNEY GENERAL OF TEXAS

COB:EP:LM

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  /s/ Claud O. Boothman
      Claud O. Boothman
              Assistant


APPROVED
OPINION
COMMITTEE

BY  BWB
      CHAIRMAN